UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDWARD SHAPIRO, P.C., et al.,

                                Plaintiffs,            **ORDER**
                                                                CV 06-5865 (ADS) (ARL)

        -against-

SHREENATH LAXMAN, et al.,

                                Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      The court's June 11, 2007 order is withdrawn. Due to a change in the court's schedule, the parties together with their respective experts are directed to appear before the undersigned on **June 27, 2007 at 11:00 a.m.**

**BACKGROUND**

      **I.     Factual Background**

      The plaintiffs filed their complaint on October 30, 2006 pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., the Copyright Act, 15 U.S.C. §§ 501 et seq., and the Lanham Act, 15 U.S.C. §§ 1116 et seq. According to the plaintiffs, Edward Shapiro ("Shapiro"), the principal of Edward Shapiro, P.C., developed a computer program called the "Shaplaw Program" to automate law practices allowing attorneys to practice law in a more efficient manner. The Shaplaw Program is alleged to employ an "intricate series of interrelated, well-defined litigation steps, including manual and automated data entry, document processing, document creation, and the conduct of evidence gathering (i.e., discovery)." Compl. at ¶ 27. Plaintiffs allege that Shapiro maintains registration of a copyright for the software. According to the plaintiffs, defendant Shreenath Laxman ("Laxman"), a former employee of Shapiro, worked in the development of the Shaplaw Program. According to the plaintiffs, Shapiro provided Laxman with an employee manual specifying that Laxman was required to maintain trade secrets in confidence. Upon recommendation from Laxman, Shapiro hired defendants Saliesh Peringatt and Neural IT to provide maintenance and support services in connection with the Shaplaw Program. The plaintiffs further allege that defendant Stefan Belinfanti, Esq. ("Belinfanti"), an employee of Shapiro, also worked on the development of the Shaplaw Program.

      The plaintiffs claim that the individual defendants formed Vidhi Technological Services, LLC ("Vidhi"), a competing company, and that Vidhi is controlled by Laxman and Belinfanti and that the defendants met with the plaintiffs' competitors and potential customers. The plaintiffs claim that the defendants misappropriated the plaintiffs' trade secrets and directly competed with the plaintiffs, infringing on the plaintiffs' copyright and utilizing their trade secrets.

## II.     Procedural History

At the time the plaintiffs filed their complaint they also moved by order to show cause for a temporary restraining order and a preliminary injunction. Following a hearing on plaintiffs' application on November 1, 2006, District Judge Arthur D. Spatt entered a temporary retraining order enjoining the defendants from infringing upon the plaintiffs' copyrighted computer software program and from using the plaintiffs' trade secrets. The TRO was twice extended by Judge Spatt through December 1, 2006. By Memorandum of Decision and Order dated December 1, 2006, Judge Spatt denied defendants' application to vacate the restraining order and entered a preliminary injunction prohibiting the defendants from using the plaintiffs' copyrighted material or trade secrets and preventing the defendants from misappropriating or selling or marketing the infringing program. Judge Spatt also referred the case to the undersigned for the purpose of holding an evidentiary hearing on the issue of whether to continue the preliminary injunction.

The parties appeared before the undersigned on December 1, 2006, and after hearing from the parties, this court ordered an exchange of copies of the programs which form the basis of this litigation. This was done in order to allow each side an opportunity to conduct a comparison of the relevant programs. The parties were also directed to provide the court with a status letter by December 13, 2006 advising when they would be prepared for the evidentiary hearing. See Order, dated December 1, 2006. Since that time, the progress of this case has been as summarized below:

- Plaintiffs requested, with the defendants' consent, that the deadline for the submission of the joint status letter be extended from December 13, 2006 to December 22, 2006. That application was granted by order dated December 13, 2006.

- Rather than submitting a joint status letter as was directed, each side submitted a status letter on December 22, 2006. Despite the court's December 1, 2006 order, neither side had fully produced their software. Based on the parties' submissions, the court ordered full production by December 29, 2006. The parties were also directed to submit another joint status letter by January 5, 2007 to facilitate the scheduling of a hearing. See order, dated December 27, 2006.

- By joint letter dated January 5, 2007, the parties requested an extension through January 12, 2007 in order to determine how much time would be needed by their respective experts to prepare for the evidentiary hearing. The plaintiffs represented that they had produced their Shaplaw Program with instructions on a CD-ROM along with a sample database. The defendants represented that, on December 29, 2006, they produced their computer programs in electronic format to the plaintiffs via e-mail and furnished links to web sites to enable the plaintiffs to immediately view and analyze the programs in their executable form. Defendants reported that the plaintiffs requested further information regarding the programs (not specified to the court) and the defendants provided that information

on January 4, 2007. Although each side reported that they had provided all relevant information requested, the plaintiffs asserted that defendants had yet to produce "instructions or other information which identify the produced files, tell us which files make up each program, explain how the files are used in connection with each program, or provide the minimum system requirements needed to run their programs." The court granted a joint request for more time and ordered that a joint status letter be filed by January 12, 2007.

- On January 12, 2007, the parties submitted a joint status report. While the defendants again represented that they would be prepared to proceed with the hearing on February 12, 2007, the plaintiffs reported that their expert was still unable to estimate how long it will take to perform an analysis of the defendants' program. According to the plaintiffs, the defendants still had not produced sufficient information to allow their expert to operate the defendants' programs. Because the plaintiffs made no attempt to resolve this issue prior to seeking judicial intervention, the court directed the parties to meet and confer in an effort to resolve this issue. A telephone status conference was scheduled for January 24, 2007 to resolve any remaining discovery issues and to finalize a hearing date. See order, dated January 17, 2007. This teleconference was subsequently adjourned to January 30th at plaintiff's request.

- The court heard lengthy argument from the parties during the January 30, 2007 teleconference regarding the sufficiency of the defendants' production. It appeared during the conference that plaintiffs' problems accessing the program were not the result of a lack of cooperation on the defendants' part but were essentially technical problems which required expert intervention. Accordingly, the undersigned directed that the parties' experts meet in person to resolve this issue and to provide the court with a joint status letter by February 20, 2007.

- On February 20, 2007, the parties submitted a joint request for an extension of time through February 28, 2007 to file their status report. That application was granted by order dated February 21, 2007.

- The parties submitted a joint status report on February 28, 2007 requesting that the court direct each side to produce an expert report and to make their respective experts available for deposition in advance of the evidentiary hearing. The application was granted by order dated March 1, 2007. The March 1st order also scheduled a telephone status conference for April 10, 2007.

- By letter dated March 22, 2007, the plaintiffs moved to compel responses to their interrogatories and requests to produce and the defendants opposed the application by letter dated March 27, 2007. Because the plaintiffs had not attempted to first discuss their objections with the defendants prior to seeking judicial intervention, the undersigned denied the application with leave to renew and directed the parties to meet and confer in good faith in an effort to resolve these issues. See

order, dated March 30, 2007.

- The court held a telephone status conference on April 10, 2007. The issue concerning the alleged deficiency of the defendants' production was again raised and plaintiffs again asserted that the defendants' incomplete production had made it impossible for plaintiffs' expert to review the programs. Plaintiffs therefore sought unfettered on-site inspection of the programs including access to defendants' client servers. Defendants objected to this request asserting that they had done everything to meet plaintiffs shifting demands including providing technical assistance in order to enable plaintiffs' review. The defendants noted that plaintiffs' difficulties resulted not from any inadequacy in their production but from the lack of experience of plaintiffs' forensic expert. The defendants reported that because plaintiffs' objections were continual and changing they no longer had a clear idea of what problems remained and how they might be resolved. The defendants reminded the court that further delays substantially prejudiced them. To break this logjam and move this case forward, the court directed the plaintiffs' expert to provide a detailed list specifying the allegedly non-working applications of the programs. To avoid any gamesmanship, the plaintiffs were warned that the court would not permit them to later add to this list producing further delay.

- In compliance with the April 10th order, the plaintiffs' expert produced a report including the identification of specific "missing disclosures," raising specific deficiencies in the operating instructions, and providing twenty-three examples of specific malfunctions. Defendants' expert reviewed the plaintiffs' expert's report and concluded that the plaintiffs' complaints were unfounded. According to the defendants' expert, the plaintiffs' expert is in possession of everything necessary to conduct a relevant analysis of the programs. The court thereafter issued an order dated May 4, 2007 directing the defendants to literally stand beside plaintiffs' expert and provide the means and expert assistance to run the copied programs on-site at the defendants' place of business. This examination was to be done on a mutually convenient date. The parties were also advised that if this proposal did not resolve the issue, and they were unable to agree on another resolution, the court would direct that an independent third-party expert be retained at the parties' shared expense to assist the court in resolving this matter. See order, dated May 4, 2007. Plaintiffs appealed both the April 10, 2007 and May 4, 2007 orders to District Judge Spatt on May 11, 2007.

- Pursuant to the May 4th order the parties mutually agreed to an onsite inspection on May 18th. This meeting was preceded and followed by a series of application from plaintiffs including a motion to compel on May 15, 2007, and a request to move for contempt and spoiliation on June 8th. According to the plaintiffs, the defendants are in contempt of the court's May 4, 2007 order because they still were not given full access to the programs.

As reflected above, the evidentiary hearing in this case has been delayed because of plaintiffs' claim that they have been unable to complete their preparation for the hearing because the defendants' technical production has been incomplete. This issue cannot be resolved without the assistance of experts. Accordingly, the parties together with their respective experts are directed to appear before the undersigned for a hearing on **June 27, 2007 at 11:00 a.m.** Each expert must be prepared to respond to an examination by the court concerning what has been made available for inspection, what was actually inspected on May 18th, what difficulties were encountered, and how these issues can be resolved. Additionally, the parties are to provide the court with the name of a mutually agreeable expert to assist the court in its examination of this issue at the parties' expense.

Dated: Central Islip, New York  **SO ORDERED:**
      June 14, 2007

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge