UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EDWARD SHAPIRO, P.C., et al.,

                             Plaintiffs,                   **ORDER**
                                                                         CV 06-5865 (ADS) (ARL)

        -against-

SHREENATH LAXMAN, et al.,

                             Defendants.
-----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

        The court held a telephone conference on July 24th to address a series of letters filed by the parties on July 23, 2007. The court placed its rulings on the record and issued a brief written order summarizing those rulings. The court now supplements that written order.

        The procedural history of this case has been detailed in prior orders of this court and need not be repeated here. See Memorandum of Decision and Order, dated July 23, 2007 (Spatt, D.J.); Order, dated June 14, 2007. Suffice it to say that this court has found it necessary to chronicle the progress of this case in detailed decisions in order to maintain an accurate record of the many disputes in this matter.

        Following months of delay in completing preparations for the evidentiary hearing, the court ordered that the parties' respective experts appear before the undersigned on June 27, 2007 to respond to the court's inquiry regarding the sufficiency of the defendants' production of its computer programs. After lengthy examination by the court, the parties' experts were ordered to perform the inspection of the defendants' computer system during the week of July 23, 2007. The court made clear that the inspection was to begin on July 23rd and was to continue daily for no more than 5 days. Equally clear was the court's admonition that this period would not be extended or postponed. See Transcript of June 27, 2007 hearing at page 36.

        Notwithstanding this directive, one month later, on Sunday July 22nd, the day before the inspection was to commence, plaintiffs' counsel sent a letter to the court stating that because their expert had been physically threatened by the defendants' representative at a meeting on May 18th, they wanted to delay the inspection to allow plaintiffs time to hire a security guard to oversee the upcoming inspection. Plaintiffs also sought to shift the cost of the guard to the defendants. Defendants, by letter dated July 23, 2007, opposed the application but only to the extent it delayed the inspection and sought to shift the cost of a security guard to them. Defendants did not object to the presence of a security guard and further requested that in light of plaintiffs' allegations, which they categorically denied, that they be permitted to video tape the inspection for their own protection.

The court learned on July 24th that the plaintiffs did not appear for the inspection on July 23rd despite the court's June 27th directive. Additionally, on July 24th plaintiff's expert initially refused, on the advice of counsel, to proceed with the inspection because of defendants' plan to video tape the inspection. Citing these events, plaintiffs sought an extension of the inspection through July 30th. Given the history of foot dragging in this case, the court denied plaintiffs' application. Despite being aware of this "security" problem for over a month, plaintiffs waited until the day before the inspection to first raise this issue with this court. Plaintiffs' unilateral decision not to go forward with the inspection until their last minute application was decided does not provide justification for extending the inspection deadline.

Dated: Central Islip, New York
      July 24, 2007

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge