BINGHAM

Edward F. Maluf
Direct Phone: 212.705.7987
Direct Fax:    212.702.3617
edward.maluf@bingham.com

May 19, 2008

**By ECF and Overnight Delivery**

The Honorable Arthur D. Spatt
United States District Judge
Eastern District of New York
United States District Court
100 Federal Plaza
Central Islip, New York 11722

Re: *Edward Shapiro, P.C., et al. v. Laxman, et al.*, 06 CV 05865 (ADS) (ARL)

Dear Judge Spatt:

We represent the Plaintiffs and respond to Defendants' May 12, 2008 letter in which Defendants allege damages they purportedly sustained as a result of the injunction.

At the outset, we must continue challenging Defendants' distortions concerning the February hearing. It is clear from the record, already provided to the Court, that there has been no determination that the injunction was wrongly obtained as the Defendants assert. Magistrate Judge Lindsay was quite clear about that.

As for Defendants' current submission, it is equally clear that Defendants have failed to credibly provide in specific detail as required by the Court the damages they allegedly sustained while the injunction was in place. Defendants also fail to credibly articulate with specific detail the damages they have allegedly sustained from the date the injunction was lifted through the present date, and the damages they expect to incur in the future as a result of the injunction.

For example, Defendants submitted an exceedingly broad statement from Ramesh Sarva. The submission is objectionable as improper. The statement was clearly executed outside of the United States, i.e., in India. In order to be considered by this Court, the written testimony must comply with 28 U.S.C. § 1746, or it must be apostillized. But the statement fails to follow either basis for consideration by this Court. Accordingly, the submission should not be considered.

In the unlikely event that the Court considers Mr. Sarva's submission, the Court should remain unpersuaded. The statement does not specify any of the Defendant's alleged damages. It is a bare-bones statement that lacks any detail. There is no information provided as to when Mr. Sarva was approached by the

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T 212.705.7000
F 212.752.5378
bingham.com

The Honorable Arthur D. Spatt
May 19, 2008
Page 2

Defendants, the purpose of the investment, where Mr. Sarva was getting the money from to invest in the Defendants, and most importantly how the Defendants were harmed by Mr. Sarva not investing in their company. The Defendants are requesting that this Court assume damages based upon Mr. Sarva's assertions without any cognizable proof in support. Defendants have not demonstrated any harm suffered by them as a result of Mr. Sarva's failure to invest in their company.

Additionally, Defendant Belinfanti's assertion that two potential clients expressed an interest in the software that Defendants were selling and then did not purchase it because of the injunction lacks any probative value. It is simply a self-serving account by one of the Defendants as to why he believes Defendants were unable to procure certain clients. Without supporting documentation such as affidavits from Jones, Jones, LLP and/or Mr. Speziale stating unequivocally that they would have purchased the software but for the injunction, Defendants again have failed to substantiate their assertion that Jones, Jones, LLP and/or Mr. Speziale's failure to engage Defendants services was a result of the injunction.

Because Defendants have failed to comply with this Court's Order to provide specific proof of the alleged damages incurred by the Defendants, we request that the bond be lifted as proposed by Judge Lindsay and that Defendants' allegations of damages be addressed at trial in their counterclaim against Plaintiffs.

Respectfully,

Edward F. Maluf

cc:   The Honorable Arlene R. Lindsay (by ECF and Overnight Delivery)
      Dariush Keyhani, Esq. (by ECF)