# MEREDITH & KEYHANI, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
212-760-0098
Facsimile: 212-202-3819
www.meredithkeyhani.com

Writer's Direct Email:
dkeyhani@meredithkeyhani.com
Direct Dial: (646) 536-5692

**FILED ON ECF ONLY**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 01 2008 ★
LONG ISLAND OFFICE

May 12, 2008

Honorable Arthur D. Spatt, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

*The Plaintiffs' request to vacate the bond is denied. SO Ordered.
Arthur D. Spatt
USDJ 7/1/08*

Re:   *Edward Shapiro, P.C. et al. v. Laxman et. al.*, 06 CV 05865 (ADS) (ARL)

Dear Judge Spatt:

We represent the Defendants in the above referenced matter and write this letter pursuant to the Court's April 30, 2008 Order. As Defendants have maintained, the preliminary injunction demanded by the Plaintiffs and which Plaintiffs posted a bond to maintain entered on November 1, 2006 and lifted on February 7, 2008 has caused substantial damage to Defendants' business and business opportunities. It is very difficult to ascertain the total dollar amount of damages Defendants sustained as result of all lost deals or potential deals that may been lost on account of the wrongly obtained injunction and an evidentiary hearing may be necessary to fully assess. However, at this time in support of Defendants' claim for damages caused by the Plaintiffs' wrongly obtained injunction for the time period from November 1, 2008 - February 7, 2008, Defendants provide the attached affidavit of Ramesh Sarva (Exhibit A) who testifies under oath that he and his partners would have invested $1,000,000 into Neural IT but for the injunction entered against the Defendants. Defendant Stefan Belinfanti in his affirmation, attached as Exhibit B, also testifies as to the damages he believes Defendants sustained as result of the injunction estimated to be approximately $260,000.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' request that the $75,000 security for their injunction be dissolved until the claims in this case are adjudicated on their merits.

Respectfully yours,

*Dariush Keyhani*

Dariush Keyhani*

---

* Admitted to the Southern, Eastern and Western Districts of New York, New Jersey District Court & NJ State Bar-not a member of the NY State Bar

**RAMESH SARVA CPA PC**
109 - 17 72ND Rd Suite # 6-R
FOREST HILLS, NY 11375
Phone: 718-268-6906 EXT 16
Fax: 718-575-3375
Email: ramesh@sarva.org

Ramesh Sarva & Co
'Mantosh' #103
42Lakshmi Park,
Pune 411030
Phone: 2453 0097
Email: pune@sarva.org

May 9, 2008

I, Ramesh Sarva, declare the following to be true under the penalties of perjury.

I am a CPA licensed to practice in the state of New York, and hae been practicing as a CPA in New York since 1977.

I have financed a lot of businesses over the years.

Neural IT, Stefan Belinfanti and Shreenath Laxman presented to a business plan to me, and I decided along with two other investors to explore it.

Alok Rastogi, former manager of Larsen and Tubro Infotech Ltd, a $250 million dollar company and Ramesh Allu, former consultant for Morgan Stanley with varied investments were the other two partners.

I and my business partners were fully intent on investing one million dollars U.S. in Neural IT in order to grow the company.

However, after learning of the pending injunction, I and my businesss partners decided to back out of the entire deal.

But for the injunction, my partners and I would have invested the million dollars in Neural IT.

I am willing to testify as to the subject matter of this affidavit.

*Ramesh Sarva*
Ramesh Sarva, CPA

Dated: May 9, 2008 _/_/_

Notary:

Noted and Registered
at Serial Number
44/08

I DO SWEAR IN THE NAME OF GOD SOLEMNLY
AFFIRM THAT THIS IS MY NAME & SIGNATURE
(OR MARK) AND THAT THE CONTENTS OF THIS
AFFIDAVIT ARE TRUE

*Ramesh Sarva*

BEFORE ME
*L. Paranjape* 9-5-08
L. A. PARANJAPE
NOTARY, STATE OF MAHARASHTRA
PUNE DISTRICT

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
EDWARD SHAPIRO, P.C., AMERICAN MEDICAL DATA
MANAGEMENT, INC., AND PAPERLESS OFFICE, INC.,

                    Plaintiffs,

                    06-CV 5865
                    (J. Spatt)

-against-

SHREENATH LAXMAN, STEFAN MICHAEL BELINFANTI,
VIDHI TECHNOLOGICAL SERVICES, LLC, NEURAL IT,
SAILESH PERINGATT, VARIOUS JOHN DOES,
AND VARIOUS JANE DOES,

                    Defendants.
------------------------------------------------------------------X

## ATTORNEY AFFIRMATION

I, Stefan Belinfanti, residing at 108-17 72nd Avenue, Apt 3E, Forest Hills, NY 11375, attest to the truth of the following statements under the penalties of perjury under the laws of the United States of America the following to be true and correct:

1. To the best of my knowledge, the following events have occurred in relation to the preliminary injunction that was placed upon myself, Shreenath Laxman and the other named defendants in the lawsuit.

2. I am an attorney in good standing licensed in the State of New York.

3. Mr. Laxman and I met with a firm named <u>Jones, Jones, Larkin, O'Connell LLP</u>, a defense firm that engages in insurance litigation on behalf of insurance carriers. We met with them several times, and the firm expressed deep interest in our software programs that we were selling.

4. We demonstrated the utility of the software programs that we have, and also explained how Neural IT would build a customized software application that would handle their collections and no-fault litigation in one portal.

5. The senior partner from Jones, Jones LLP was extremely interested, but upon due diligence the firm found out about the injunction against the defendants.

6. It is my understanding that the would have commissioned our services, namely the customized software, but for the preliminary injunction against us.

7. Based upon the size of the firm, the technical needs and comparisons to projects completed for current and past clients, I am confident that the sale of our software products and services to Jones, Jones, LLP would have generated at lest $60,000 in revenue.

8. In addition, Shreenath Laxman and I met several times near the latter quarter of 2007 with Peter Speziale, Esq. and his partner in order to form a partnership in which Mr. Speziale and his partner brokered sales of the defendants' services in exchange for commissions and percentages of the acquired revenue.

9. The negotiations reached a point where Mr. Speziale sent a draft proposal to defendants in order to get it signed and to effectuate our relationship.

10. Upon learning of the injunction that the Court placed against defendants, a due diligence was performed in which Mr. Laxman and I met with Mr. Speziale's corporate attorneys to discuss the issue of the injunction.

11. My understanding is that the corporate attorneys advised against Mr. Speziale forming a partnership with defendants, and such partnership never coalesced.

12. Taking into consideration Mr. Speziale's vast connections with law firms

in our market pool, defendants can estimate that they would have made at least $200,000 in sales by today's date but for the injunction that caused said individuals to back out of the deal. Again this estimate is based the technical needs and comparisons to projects completed for current and past clients.

13. The above statements are made to the best of my knowledge and recollection.

I declare under penalty of perjury that the foregoing is true and correct

*[Signature]*
Stefan Belinfanti

Dated 5/12/08